UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDEV SINGH MANN,<br>a.k.a. BHADAR SINGH,<br><br>    Petitioner,<br><br>vs.<br><br>ERIC HOLDER, JANET NAPOLITANO, and<br>TIMOTHY AITKEN,<br><br>    Respondents. | Case No.: 12-CV-04712-YGR<br><br>**ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS AND REQUEST FOR EMERGENCY STAY OF DEPORTATION** |

Petitioner Baldev Singh Mann ("Petitioner") originally asked the Court to stay his removal to India and to release him from the custody of the United States Immigration and Customs Enforcement ("ICE") while the United States Citizenship and Immigration Service ("USCIS") adjudicated his then-pending application for adjustment of status. As of the date of this Order, USCIS has now formally denied Petitioner's application for adjustment of status. Having carefully considered the pleadings in this action, the Court hereby **DENIES** Petitioner's writ of habeas corpus and request for stay of deportation.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner entered the United States from India in September 1990 via Los Angeles International Airport. (Petition for Writ of Habeas Corpus and Emergency Request for Stay of Deportation ["Pet."], Dkt. No. 1, ¶ 14; Declaration of Ila C. Deiss ["Deiss Decl."], Dkt. No. 13-1, Ex. 1.) Subsequently, the Immigration and Naturalization Service ("INS") initiated exclusion proceedings against Petitioner. On June 23, 1995, an immigration judge denied Petitioner's asylum

and withholding of deportation claims, and ordered him excluded from the United States. (Pet. ¶ 16; Deiss Decl., Ex. 3.) While the appeal to the Board of Immigration Appeals ("BIA") was pending, Petitioner married a United States citizen and the couple had a child together. (Pet. ¶ 17.) The BIA affirmed the exclusion order on August 17, 1998, and Petitioner failed to file a timely petition for appeal with the Ninth Circuit. (Pet. ¶ 18; Deiss Decl., Ex. 4.) Administratively, Petitioner's exclusion case became final after the Ninth Circuit denial. (Pet. ¶ 18.)

On May 20, 1996, Petitioner's wife filed a Form I-130 Petition for Alien Relative ("First I-130 Application") on behalf of Petitioner. (Pet. ¶ 17.) Petitioner concurrently filed a Form I-485 Application to Adjust Status to Legal Permanent Resident ("First I-485 Application"). (*Id.*) Several years passed before INS scheduled an interview on Petitioner's First I-130 Application on May 14, 2002. (Pet. ¶ 19.) In the interim period, Petitioner's exclusion order had become final, and, fearing deportation, Petitioner did not appear for the interview relating to his First I-130 Application. (Pet. ¶¶ 19–20.) Subsequently, INS denied Petitioner's First I-130 Application as abandoned, resulting in the formal denial of the First I-485 Application. (Pet. ¶ 20.)

Petitioner has made multiple unsuccessful motions to have the BIA reopen his case. (Deiss Decl., Exs. 4 & 5.) On July 10, 2009, ICE place Petitioner into custody pending final removal. (Petitioner's Response to Respondents' Opposition for Writ of Habeas Corpus ["Traverse"], Dkt. No. 14, Ex. 1.) Unable to remove Petitioner, ICE released him under an Order of Supervision on January 15, 2010. (Traverse, Ex. 2.) On September 27, 2011, Petitioner's daughter from another marriage filed another I-130 Application on behalf of Petitioner ("Second I-130 Application"). (Pet. ¶ 21.) Petitioner thereafter applied for adjustment of status to legal permanent resident via another I-485 Application ("Second I-485 Application"). (Pet. ¶ 21; Deiss Decl., Ex. 9.) USCIS approved the Second I-130 Application on May 29, 2012 and requested additional documentation to complete the adjudication of Petitioner's Second I-485 Application. (Pet. ¶ 22.)

Most recently, on September 4, 2012, ICE again placed Petitioner into custody pending removal pursuant to 8 U.S.C. section 1231(a) ("Section 1231(a)").[1] (Respondents' Return in Opposition to Petition for a Writ of Habeas Corpus as Premature ["Opposition"], Dkt. No. 13, at 3.)

---

[1] Unless otherwise noted, all statutory references are to Title 8 of the United States Code.

2

On September 10, 2012, Petitioner commenced the instant action seeking a stay of deportation and release from custody pending adjudication of his Second I-485 Application. (Pet. at 9.) Because Petitioner still had an interview pending before the USCIS, the parties stipulated not to remove Petitioner prior to October 31, 2012. (*See* Dkt. No. 9.) On October 4, 2012, USCIS interviewed Petitioner as part of his Second I-485 Application. (Deiss Decl., Ex. 9; Opposition at 4.)

On October 30, 2012, the Government filed a Notice of Agency Action, which included the USCIS Notice of Intent to Deny ("NOID") Petitioner's Second I-485 Application. (*See* Notice of Recent Agency Action, Dkt. No. 15, at 3.) This Court ordered a seven-day emergency stay of deportation and required both parties to respond regarding the effect of the NOID on the instant case. (*See* Dkt. No. 16.) Pursuant to a stipulation, the parties agreed to an extension of time for Respondents' response, and further agreed that Petitioner would not to be deported before November 30, 2012. (*See* Dkt. No. 19.) On November 19, 2012, USCIS issued a final decision formally denying Petitioner's Second I-485 Application. (*See* Notice of Decision, Dkt. No. 20-1.) This decision states it "may not be appealed." (*Id.*)

On November 26, 2012, Respondents filed their response to the Court's October 30, 2012 Order, attaching the USCIS' final decision to deny the Second I-485 Application. (*See* Respondent's Reply to the Court's October 30, 2012 Order, Dkt. No. 20.) On November 28, 2012, Petitioner unilaterally filed a renewed opposition in response to this filing. (*See* Petitioner's Opposition to Respondent's Motion to Dismiss the Writ of Habeas Corpus and Stay of Deportation ["Renewed Opposition"], Dkt. No 21.) As a result of the new arguments raised therein, the Court permitted Respondents to file a renewed reply (Dkt. No. 22), which they filed on November 30, 2012. (Respondents' Reply to Petitioner's November 28, 2012 Filing ["Renewed Reply"], Dkt. No. 23.)

## II.  PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner originally filed this action seeking a stay of deportation pending adjudication of his Second I-485 Application. Additionally, Petitioner argued that his current detention under Section 1231(a) was unreasonable per *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he had already been held under Section 1231(a) for over six months in 2009. In their Opposition,

3

Respondents argued that the Court lacks subject matter jurisdiction to hear Petitioner's claims because Petitioner is seeking to halt the execution of a final order of removal, and alternatively that the Petitioner's habeas petition is premature because he is being held under Section 1231(a)(2).

### A. SUBJECT MATTER JURISDICTION AND PETITIONER'S REQUEST FOR A STAY

The jurisdiction-limiting amendments to Section 1252, as amended by the REAL ID Act, provide that Petitioner's only avenue to appeal a final order from the BIA lies with the United States Court of Appeals, here, the Ninth Circuit. The Section provides:

> Notwithstanding any other provision of law . . . , including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an *order of removal* entered or issued under any provision of [the Immigration and Naturalization Act].

8 U.S.C. § 1252(a)(5) (emphasis supplied).

Moreover, subsection (g) of Section 1252 states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Furthermore, this Court lacks jurisdiction to review "any judgment regarding the granting of relief" as related to adjustment of status (governed by Section 1255), or any other discretionary decisions or actions of the Attorney General. 8 U.S.C. § 1252(a)(2)(B); *see also Hassan v. Chertoff*, 593 F.3d 785, 788–89 (2008) ("[J]udicial review of the denial of an adjustment of status application . . . is expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(i)."); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748–49 (9th Cir. 2006) ("[T]he decision to deny Petitioner's application for adjustment of status is a discretionary determination, and is therefore unreviewable.").

Respondents concede that federal district courts have jurisdiction over habeas petitions by aliens that challenge the constitutionality of detention, rather than the final removal order itself. *See* 28 U.S.C. § 2241(c)(3); *Nadarajah v. Gonzalez,* 443 F.3d 1069, 1075 (9th Cir. 2006) (recognizing that the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, does not eliminate habeas jurisdiction over challenges to detention that are independent of challenges to removal).

4

Thus, while a "district court plainly lack[s] habeas jurisdiction" to review removal orders, *Iasu v. Smith,* 511 F.3d 881, 888 (9th Cir. 2007), nothing in Section 1252 deprives this Court of habeas corpus jurisdiction over claims that do not seek review of a removal order. *See Ilyabaev v. Kane*, 847 F. Supp. 2d 1168, 1173 (D. Ariz. 2012). Petitioner argues that he was not challenging his final order of removal, but seeks relief to allow USCIS to issue a final decision on the merits of his Second I-485 Application. (Traverse at 3 ("In the instant case, Petitioner is not asking this court to review the merits of his final order of exclusion.").)

Petitioner's argument that due process requires adjudication of his *Second* I-485 Application before deportation may have raised a claim sufficiently distinct from his final order of deportation as to vest this Court with subject matter jurisdiction. However, the Court need not address the merits of this argument in light of recent developments. Now that USCIS has reached a final decision to deny Petitioner's Second I-485 Application, Petitioner's due process arguments are now moot and he may no longer rely on the pendency of his application.[2]

---

[2] In the Renewed Opposition, Petitioner states that he filed a complaint for declaratory and injunctive relief in the Eastern District of California through which he seeks review of USCIS' denial of his application for adjustment of status ("Eastern District Action"). (*See* Renewed Opposition at 3.) Specifically, Petitioner's complaint in the Eastern District Action alleges that USCIS arbitrarily and capriciously denied his application in violation of the Administrative Procedure Act ("APA"). (*Id.* at 3 & 5.) Petitioner seeks *further stay* of deportation beyond November 30, 2012 in *this* action pending adjudication of the Eastern District Action. (*Id.* at 4 & 5.) Respondents maintain that regardless of the Eastern District Action, this Court lacks subject matter jurisdiction under Section 1252(g) to halt execution of the final order of removal. (Renewed Reply at 2.)

This Court notes that "[t]he judicial review provisions [of the APA] do not apply where statutes preclude judicial review[,]" and that "[t]he INA specifically closes the door to judicial review of certain discretionary agency decisions, including the denial of an application for adjustment of status." *Lee v. U.S. Citizenship and Immigration Services*, 592 F.3d 612, 619 (4th Cir. 2010). Indeed, "[t]he APA 'is not a jurisdiction-conferring statute.'" *Id.* (citing *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006)). In *Lee*, the Fourth Circuit held that although plaintiff "carefully worded [his complaint] to avoid expressly challenging the denial of his application for adjustment of status, that is clearly what [he sought] to do. [Plaintiff's] complaint is that the District Director made a faulty eligibility determination under [section] 1255(i); that determination was the sole basis for the denial of [plaintiff's] application and cannot be divorced from the denial itself." *Lee*, 592 F.3d at 620. The Court finds the same to be true here—despite Petitioner's characterization of his request for stay of deportation as "incidental to his claim that his removal is not authorized by law," he is effectively seeking review of the USCIS' denial and challenging his order of removal. As such, the Court is without subject matter jurisdiction and declines to issue a stay of deportation pending the Eastern District Action. The Court also declines to further consider the arguments in Petitioner's Renewed Opposition, and they have had no influence on the disposition of this order.

The Court therefore **DENIES** Petitioner a further stay of deportation beyond November 30, 2012 based on his Second I-485 Application.

### B. PETITIONER'S RENEWED DETENTION UNDER TITLE 8 U.S.C. SECTION 1231(a)

Prior to the issuance of the Notice of Intent to Deny his Second I-485 Application, Petitioner argued that based on *Zadvydas v. Davis*, 533 U.S. 678, 696 (2001), his current detention in ICE custody under Section 1231 is presumptively unreasonable because he was previously held in custody for a period of six months. Specifically, he was held from July 2009 until his subsequent release in January 2010 under an Order of Supervision.

The statutory scheme established by Section 1231 creates a 90-day removal period "[d]uring [which] the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). This 90-day detention period is non-discretionary. *Khotesouvan v. Morones*, 386 F.3d 1298, 1299–300 (9th Cir. 2004). The removal period may be extended beyond the 90 days if the alien fails or refuses to make a timely application for travel in good faith. 8 U.S.C. § 1231(a)(1)(C). Furthermore, "[a]n alien ordered removed who is inadmissible under section 1182 of this title . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). "Section 1231(a)(6) encompasses . . . aliens who have exhausted all direct and collateral review of their removal orders but who, for one reason or another, have not yet been removed from the United States," including Petitioner. *Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081, 1085 (9th Cir. 2011).

In *Zadvydas v. Davis*, the Supreme Court noted that construing section 1231(a)(6) to authorize indefinite or permanent detention would constitute a serious constitutional problem. 533 U.S. at 696. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699; *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005) (holding that the *Zadvydas* decision applies to inadmissible aliens, not only removable aliens). In order to guide lower courts, the Supreme Court established a six-month period where detention was *presumptively* reasonable. *Zadvydas*, 533 U.S. at 701. However, the Supreme Court warned that the six-month presumption "does not mean that every alien not removed must be released after six

months" and "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

While the Supreme Court emphasized that *continuous* detention beyond a six-month period would be presumptively unreasonable in *Zadvydas*, the opinion does not address whether breaks in detention should be considered in the reasonableness inquiry. Moreover, the Ninth Circuit has held that continued detention beyond the presumptively reasonable six-month period is statutorily authorized, so long as the detention is not indefinite. *See Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008) (noting that an alien's continued detention was warranted because he did not demonstrate that the receiving country would refuse to accept him or that removal would violate U.S. laws). For those facing the possibility of *prolonged detention* under Section 1231(a)(6), the Ninth Circuit has chosen to extend certain procedural protections. *See Diouf II*, 634 F.3d at 1086–87.

The Court is not persuaded that granting Petitioner's release simply because he was previously held would be consistent with the Supreme Court's instructions that the Court should "measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. First, holding that Petitioner is entitled to release here solely because he had already been held for six months would hinder the government's ability to effectuate removal in cases where aliens file repeated motions to reopen with the BIA. To do so without consideration of the circumstances would mean that Petitioner can never be held in custody despite a valid and final order of removal. Second, the Court recognizes that Petitioner was afforded the benefit of release pursuant to an Order of Supervision between January 2010 and September 2012, which factors into the Court's assessment of the reasonableness of Petitioner's current detention, which has lasted less than 90 days to date.

Petitioner is subject to the Final Order of Removal and the government has demonstrated that it stands ready to remove him immediately. Indeed, Respondents have demonstrated that the government was prepared to remove Petitioner to India on September 21, 2012, and that travel arrangements were made. (Deiss Decl., Ex. 8.) Additionally, Respondents represent that Petitioner presently has new travel documents that expire December 9, 2012. (Respondent's Reply to the

Court's October 30, 2012 Order, Dkt. No. 20, at 2 n.1.)  Lastly, no evidence has been presented that India will refuse to accept Petitioner, or that his removal would violate any laws now that his Second I-485 Application has been denied.  *See Diouf I*, 542 F.3d at 1233.

Accordingly, Petitioner's request to be released from custody is therefore **DENIED.**

### III. CONCLUSION

Petitioner originally sought an opportunity to have USCIS adjudicate his Second I-485 Application.  USCIS has now considered and denied that application.  Petitioner does not ask the Court to decide the merits of the Second I-485 Application or to overturn his order of removal (*see* Traverse at 3), and this Court would have no jurisdiction to do so.  Finding no other basis upon which to grant relief, the Court hereby **DENIES** Petitioner's writ of habeas corpus and request for stay of deportation.

**IT IS SO ORDERED**.

Dated: November 30, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**